UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 17, 2013

LETTER TO COUNSEL:

RE:   *Mark Steffon Withrow v. Commissioner, Social Security Administration*;
      Civil No. SAG-11-1349

Dear Counsel:

On May 18, 2011, the Plaintiff, Mark Steffon Withrow, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Withrow filed his claim on November 15, 2007, alleging disability beginning on April 20, 2007. (Tr. 124-33). His claim was denied initially on February 20, 2008, and on reconsideration on December 22, 2008. (Tr. 69-72). A hearing was held on December 29, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 10-48). Following the hearing, on April 6, 2010, the ALJ determined that Mr. Withrow was not disabled during the relevant time frame. (Tr. 73-90). The Appeals Council denied Mr. Withrow's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Withrow suffered from the severe impairments of hepatitis C, depression, generalized anxiety, back pain, mild degenerative joint disease of the right knee, substance abuse and asthma. (Tr. 78). Despite these impairments, the ALJ determined that Mr. Withrow retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can engage in only occasional climbing with no ladders, ropes or scaffolds; only occasional balancing, stooping, kneeling and crawling; must avoid hazards including heights and moving machinery; can understand, remember and carry out routine instructions; can tolerate only occasional interaction with supervisors, coworkers and the public; requires low stress jobs defined as no production rate pace, little to no change in work setting and little to no judgment required.

*Mark Steffon Withrow v. Commissioner, Social Security Administration*
Civil No. SAG-11-1349
January 17, 2013
Page 2

(Tr. 80). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Withrow could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 86).

Mr. Withrow alleges the ALJ made three errors: 1) that the ALJ erred at step three of the sequential evaluation; 2) that the ALJ failed to consider the opinion of the examining physician, Dr. S. Jassi; and 3) that his claim was prejudiced by a claims representative at the initial level of consideration. Each argument lacks merit.

Mr. Withrow argues that the ALJ erred at step three of the sequential evaluation in failing to consider whether he met Listing 5.05, with respect to his liver disease. Counsel for Mr. Withrow fails to identify which section(s) of Listing 5.05 he contends were met. This vagueness hampers review by the Court, inasmuch as there are numerous subsections of Listing 5.05 regarding digestive disorders. A claimant bears the burdens of production and proof through the first four steps of the evaluation process. *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995). After my careful review of the entire record, I find that Mr. Withrow has not met those burdens with respect to Listing 5.05. There is no medical evidence in the record which supports a finding that Mr. Withrow met a Listing concerning digestive disorders. For example, Mr. Withrow's treatment records for hepatitis are in the record, and his liver biopsy report revealed chronic hepatitis C "mildly" active with "minimal" portal fibrosis. (Tr. 223). Furthermore his treatment records include the doctor's notations that Mr. Withrow "looks good," "feels good," and was "doing well." (Tr. 235-36). These findings seriously undermine Mr. Withrow's allegation that he meets Listing 5.05. Contrary to Mr. Withrow's allegations, the ALJ also discussed Mr. Withrow's treatment, complaints of fatigue, and problems with concentration as a result of his hepatitis C, and considered these symptoms when assessing his RFC. (Tr. 82-84).[1]

Mr. Withrow next contends that the ALJ failed to consider whether he met Listing 12.05C.[2] Mr. Withrow contends that Dr. Janet Anderson's IQ test results substantiate his position. However, the ALJ discussed all of the IQ tests in her decision. Ultimately, the ALJ adopted the results of the testing performed by Dr. John Driscoll, which showed results of a full scale IQ of 80. (Tr. 84, 269-72). The ALJ discussed Dr. Anderson's consultative examination, which revealed a full scale IQ of 70. (Tr. 84). The ALJ stated that she gave Dr. Anderson's opinions little weight because they were found to be inconsistent with Mr. Withrow's attainment

---

[1] Mr. Withrow mentions that "Chronic hepatitis C infections also require a review of other relevant listings," and cites 20 C.F.R. 404 Subpt. P, Appx. 1, Sec. 5.00(I)(1) to support this proposition. Pl. Mot. 8-9. This regulation merely indicates that the ALJ will evaluate each of the claimant's impairments, even if the claimant's impairments do not meet one of the digestive disorder listings. Because the ALJ did evaluate all of Mr. Withrow's impairments, including his mental impairments under 12.04, (Tr. 78-80), Mr. Withrow's argument is without merit.

[2] Listing 12.05C, in relevant part, states as follows: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00.

of his GED, his "demonstrated independence," and "the ability for others to depend on him." (Tr. 84, 360-65). Additionally, Dr. Anderson's notations that Mr. Withrow successfully worked for many years belie the notion that his IQ and his mental impairments met listing 12.05C. *See* Tr. 365; *see also Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (noting that it is proper for ALJ to address underlying conflicts with diagnosis). Therefore, substantial evidence does not support a finding that Mr. Withrow's mental condition met the listing.

Mr. Withrow's next argument is that the ALJ failed to consider the opinion of examining physician Dr. S. Jassi. This argument is without merit. The ALJ discussed Dr. Jassi's opinion in her decision. (Tr. 83). As the ALJ noted, Dr. Jassi acknowledged that Mr. Withrow favored his right leg, but still found that Mr. Withrow did not need an ambulatory aid to walk. (Tr. 83, 333).

Finally, Mr. Withrow contends that his claim was prejudiced when a claims representative overruled Dr. Hakkarinen's February 4, 2008 medical opinion limiting Mr. Withrow to standing and walking two hours a day. Counsel relies on the case development sheet, and argues that the claims representative overruled the first RFC of Dr. Hakkarinen. Pl. Mot. 11-12. Other than identifying information that "the 50/25/2 was incorrect" and that "a new RFC was completed on 2/15/08," I find the case development sheet does not show any evidence that the claims representative overruled or changed the findings, as counsel implies. (Tr. 257). Dr. Hakkarinen's opinion remained part of the file. (Tr. 276-83). The other evidence of record constitutes substantial evidence to support the ALJ's determination that Mr. Withrow was capable of a limited range of light work.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge